UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENITA INGALLA,<br><br>          Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>          Defendant. | Case No. 23-cv-06345-RFL<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

      Plaintiff filed this personal injury action in state court on November 2, 2023. (Dkt. No. 1.) On December 8, Defendant removed it to federal court. (*Id.*) The Court held an initial case management conference on March 13, 2024, during which time it required the parties to file a joint letter by March 29 regarding whether they consented to magistrate judge jurisdiction for all purposes. (Dkt. No. 14.) No letter was filed by the deadline, so the Court issued an Order to Show Cause. (Dkt. No. 16.) Defendant responded, saying that the parties had executed a settlement agreement and that the action would be ready for dismissal soon. (Dkt. No. 17.) The Court ordered the parties to file the dismissal or a joint status report by June 4, 2024. (Dkt. No. 18.) Again, nothing was filed by that date. Over a month later, on July 29, the Court issued a second Order to Show Cause, requiring the parties to file a written response by August 2. (Dkt. No. 19.) Defendant responded, Plaintiff did not. (Dkt. No. 20.) According to Defendant, it sent Plaintiff's counsel a settlement check on June 6 and forwarded a proposed stipulation of dismissal. (*Id.*) Defendant states it did not hear back. (*Id.*) On August 5, the Court issued a third Order to Show Cause requiring Plaintiff to respond in writing as to why the case should not be dismissed for failure to prosecute by August 12, 2024. The Court warned that if Plaintiff did

1

not comply, the case may be dismissed for failure to prosecute without further notice. For the third time, Plaintiff failed to respond. Accordingly, and for the reasons set forth below, this action is **DISMISSED WITH PREJUDICE** for failure to prosecute.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, four of the five factors weigh in favor of dismissal and the fifth factor is neutral. The first two factors support dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff's failure to respond to any of the Court's three Orders to Show Cause, despite being given ample time to do so, has prevented the Court from expeditiously moving this case toward disposition. These failures have not only brought this action to an indefinite halt, *see Yourish*, 191 F.3d at 990, but also "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket," *Pagtalunan*, 291 F.3d at 642. Consequently, Plaintiff has interfered with the Court's ability "to manage its docket without being subject to routine noncompliance of litigants." *Id.*

The third factor also weighs in favor of dismissal. Plaintiff wholly fails to rebut the presumption of prejudice to Defendant from their unreasonable delay in prosecuting this action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). While a plaintiff may rebut this presumption "with an excuse for his delay that is anything but frivolous," here, Plaintiff has not come forward with any excuse for their failure to comply with the Court's orders. *Id.* at 1453 (citation omitted).

The fourth factor likewise favors dismissal, as the Court has attempted less drastic sanctions to no avail.  Although the Court issued multiple Orders to Show Cause, affording Plaintiff multiple opportunities to explain their failure to comply, Plaintiff did not respond.  The final Order to Show Cause expressly warned Plaintiff that their case would be dismissed for failure to prosecute absent timely compliance with the order.  *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent.").

Lastly, "[p]ublic policy favors disposition of cases on the merits," so the fifth factor would typically cut against dismissal.  *Pagtalunan*, 291 F.3d at 643.  However, Defendant represents that the case has already been resolved through settlement and that Plaintiff has already received payment pursuant to that agreement.  Since no disposition on the merits would have occurred regardless, this factor is neutral here.

In sum, because four of the five factors weigh in favor of dismissal, the Court concludes that dismissal of this action for failure to prosecute is warranted.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal" (quoting *Ferdik*, 963 F.2d at 1263)).

*   *   *

For the foregoing reasons, this action is **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk shall enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: August 16, 2024

RITA F. LIN
United States District Judge